# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# SOUTHERN DIVISION
# AT LONDON

| | |
|---|---|
| WILBERT E. HACKLEY,<br>    Petitioner,<br><br>V.<br><br>J. RAY ORMOND,<br>    Respondent. | CIVIL ACTION NO. 6:19-285-KKC<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\* \*\*\* \*\*\*

Petitioner Wilbert E. Hackley is a federal inmate currently housed at the United States Penitentiary ("USP")-McCreary located in Pine Knot, Kentucky. Proceeding without a lawyer, Hackley has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking relief from his conviction. [R. 1] However, his petition will be denied.

As an initial matter, Hackley has not paid the $5.00 filing fee, nor has he filed a motion to waive payment of the fee. Although he attaches a letter to the Clerk of the Court claiming that a $5.00 money order was being sent "for the papers" Hackley would be sending to the Court, this letter is dated June 21, 2019. [R. 1-4] Hackley signed his § 2241 petition on November 25, 2019, and it was received by the Court on December 2, 2019. [R. 1] Filing fees must be paid upon filing, not as a "placeholder" for a petition filed over five months later.

Even putting Hackley's non-payment of the filing fee aside, his petition will be denied on its merits. Petitions filed under § 2241 are subject to initial screening by the Court required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). *See also Alexander*, 419 F. App'x at 545 (applying the pleading standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), to habeas corpus petitions).

On April 20, 1984, Hackley was found guilty on charges stemming from his involvement in a prison riot and the murder of Gregory Gunter. *United States v. Hackley*, No. 3:83-cr-107 (E.D. Va. 1983). *See also United States v. Hackley*, 164 F. App'x 301, 302 (4th Cir. 2006). Specifically, Hackley was convicted of murder in violation of 18 U.S.C. § 1111; attempting to cause and assist in a mutiny and riot in violation of 18 U.S.C. § 1792; conveyance of a weapon within a federal penal institution in violation of 18 U.S.C. § 1791; and assaulting and impeding an officer of a United States penal institution, in violation of 18 U.S.C. § 111. *Id*. Hackley was sentenced in the United States District Court for the Eastern District of Virginia to life imprisonment for the murder conviction and three consecutive ten-year terms for the remaining counts, for a total term of imprisonment of life plus thirty years. *Id*. His conviction was confirmed on appeal by the United States Court of Appeals for the Fourth Circuit. *Id*.

Hackley filed a motion to vacate his conviction pursuant to 28 U.S.C. § 2255 (originally filed as a § 2241 petition, but treated as a § 2255 motion), which was denied by the District Court and affirmed on appeal by the Fourth Circuit. *Id*. at 303, 306. He also filed another § 2241 petition in the United States District Court for the Middle District of Pennsylvania based on the Parole Commissions failure to provide him with a release date. *Wilbert E. Hackley v. Warden Bledsoe*, No. 3:08-cv-1500-ARC (M.D. Pa. 2008). This § 2241 petition was also denied and the denial

affirmed on appeal by the United States Court of Appeals for the Third Circuit. *Hackley v. Bledsoe*, 350 F. App'x 599, 601 (3d Cir. 2009).

Hackley has now filed a new § 2241 petition in this Court, arguing that he is "actually innocent" of his murder conviction. [R. 1] Specifically, Hackley claims that he was not convicted of an "enumerated offense" within 18 U.S.C. § 1111 and that his conduct "cannot be said to satisfy § 1111's elements of 'perpetrated with malice aforethought, premedicated or in preparation of one of the statutes' enumerated offenses." [R. 1]

However, the Court must deny relief because Hackley's claims are not cognizable in a habeas corpus petition filed pursuant to § 2241. A federal prisoner generally may not use a § 2241 petition to challenge the legality of his sentence. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Rather, a prisoner who wishes to challenge the legality of his conviction or sentence must file a motion under § 2255. *Id*. (explaining the distinction between a § 2255 motion and a § 2241 petition). A § 2241 petition may not be used for this purpose because it does not function as an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

The "savings clause" of 28 U.S.C. § 2255(e) creates an extraordinarily narrow exception to this prohibition if the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). A motion under § 2255 is not "inadequate or ineffective" simply because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (holding that § 2241 is available "only when a structural problem in § 2255 forecloses even one round of effective collateral review..."). Rather, to properly invoke

the savings clause, the petitioner must be asserting a claim that he is "actually innocent" of the underlying offense by showing that, after the petitioner's conviction became final, the United States Supreme Court issued a retroactively applicable decision re-interpreting the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute, *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012), or establishing that - as a matter of statutory interpretation - a prior conviction used to enhance his or her federal sentence no longer qualifies as a valid predicate offense. *Hill*, 836 F.3d at 599-600. However, "a federal prisoner cannot bring a claim of actual innocence in a § 2241 petition through the saving clause without showing that he had no prior reasonable opportunity to bring his argument for relief." *Wright v. Spaulding*, 939 F.3d 695, 705 (6th Cir. 2019).

Here, Hackley cites to no authority in support of his claim, much less a retroactively-applicable Supreme Court decision re-interpreting the substantive terms of 18 U.S.C. § 1111 in a manner establishing that his conduct did not violate that statute. Rather, he simply requests that the Court review materials from a parole hearing and make its own determination that, contrary to the jury's finding, his conduct did not violate § 1111. However, to the extent that Hackley argues that his conviction was erroneous, such a claim could and must have been asserted before the trial court, upon direct appeal, or in a motion pursuant to 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(h)(2). *See also In re Conzelmann*, 872 F.3d 375, 376 (6th Cir. 2017) (noting that, under 28 U.S.C. § 2255(h), "[a] second or successive collateral attack is permissible only if the court of appeals certifies that it rests on (1) newly discovered evidence or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."); *In re Watkins*, 810 F. 3d 375, 377 (6th Cir. 2015). Thus, Hackley's "actual innocence" claim clearly falls outside the purview of § 2241.

Moreover, Hackley cannot show "he had no prior reasonable opportunity to bring his argument for relief," *Wright*, 939 F.3d at 705, in light of his multiple appeals and post-conviction habeas petitions for relief. *See Sanders v. United States*, 373 U.S. 1, 18 (1963) ("[I]f a prisoner deliberately withholds one of two grounds for federal collateral relief at the time of filing his first application, in the hope of being granted two hearings rather than one or for some other such reason, he may be deemed to have waived his right to a hearing on a second application presenting the withheld ground…Nothing in the traditions of habeas corpus requires the federal courts to tolerate needless piecemeal litigation, to entertain collateral proceedings whose only purpose is to vex, harass, or delay."). Accordingly, as in *Wright*, Hackley cannot now use the saving clause to get another bite at the apple. *Wright*, 939 F.3d at 706.

For all of these reasons, Hackley's petition fails to establish any basis for habeas relief.

Accordingly, it is hereby **ORDERED** as follows:

1. Hackley's petition for a writ of habeas corpus [R. 1] is **DENIED**.

2. The Court will enter a judgment contemporaneously with this order.

3. This matter is **DISMISSED** and **STRICKEN** from the docket.

Dated December 17, 2019

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY